UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WHITE, on behalf of himself and all other aggrieved employees pursuant to Labor Code § 2698 *et seq*., <br><br> Plaintiffs, <br><br> v. <br><br> RITE OF PASSAGE ADOLESCENT TREATMENT CENTERS AND SCHOOLS, INC., <br><br> Defendant. | No. 1:13-cv-1871 LJO-BAM <br><br> **FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION TO REMAND** <br><br> **(Doc. 10)** |

This matter is before the Court on Plaintiff Charles White's Motion to Remand this case to the Calaveras County Superior Court. (Doc. 10). Defendant Rite of Passage Adolescent Treatment Centers and Schools, Inc. and DOES 1 through 10 ("Defendants") oppose the motion. (Doc. 11). The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for January 31, 2014. Having carefully considered the parties' submissions and the record, and for all the reasons set forth below, Plaintiff's Motion to Remand should be GRANTED.[1]

---

[1] Some Circuit Courts of Appeals have held that motions to remand are dispositive and thus deprive a magistrate judge of jurisdiction. The reasoning is that motions to remand are equivalent to an order of dismissal because they determine the availability of a federal forum. *Williams v. Beemiller, Inc.*, 527 F. 3d 259, 264-266 (2d Cir. 2008); *Vogel v. U.S. Office Products Co*., 258 F.3d 509, 514-17 (6th Cir. 2001) (noting a lack of decisions from other circuits); *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 994-97 (10th Cir. 2000); *In re U.S. Healthcare*,

1

**BACKGROUND**

On October 17, 2013, Plaintiff filed a representative action under the California Private Attorneys General Act of 2004, Labor Code § 2698 et seq. ("PAGA") on behalf of himself Charles White ("Plaintiff"), other current and former aggrieved employees of Defendant Rite of Passage Adolescent Treatment Centers and Schools, Inc., and the State of California in the Calaveras County Superior Court. Plaintiff's complaint sets forth a single cause of action for civil penalties pursuant to PAGA for alleged wage and hour violations by Defendants. Pl.'s Complaint ("Compl."), Doc. 1, Ex. A at ¶ 4.

Plaintiff began employment with Defendants in October 2007. Compl. ¶ 7. Throughout his employment, Plaintiff alleges that he has been denied accurately itemized wage statements and was untimely compensated by Defendants. Specifically, Plaintiff alleges that the wage statements issued to Plaintiff and the other aggrieved employees do not comply with the provisions of Labor Code § 226(a)(8) because they do not set forth the correct name of the entity of their employer. Compl. ¶ 3. Plaintiff and all other aggrieved employees are employed by Rite of Passage Adolescent Treatment Centers and Schools, Inc., but their wage statements list their employer as "Rite of Passage ACTS." Compl. ¶ 3. Plaintiff also alleges that Defendants fail to comply with Labor Code §§ 204 and 210 because they do not timely issue wages to their California employees within seven calendar days after the final day of each bi-weekly payroll period. Compl. ¶ 4. Instead, Defendants issue wages nine days after the conclusion of each bi-weekly payroll period. *Id.* Plaintiff's complaint seeks monetary penalties, but does not allege a specific amount of damages sought.

On November 18, 2013, Defendants removed the underlying case to this Court based on diversity jurisdiction. Defendants' Notice of Removal ("NOR"), Doc. 1 at 1. On December 6,

---

159 F.3d 142, 145-46 (3d Cir.1998); *See also, Hood Custom Homes v. Illinois National Insurance Co*., 2009 U.S. Dist. Lexis 46389 (D. Oregon May 26, 2009). The Ninth Circuit has not taken a position on this issue. Some district courts—including courts in this district—have taken the position that a motion to remand is not dispositive and thus may be determined by a magistrate judge. *See Lerma v. URS Fed. Support Servs*., 2011 U.S. Dist. LEXIS 66451 (E.D. Cal. June 22, 2011)(finding that a motion to remand is not a dispositive motion, making findings and recommendations unnecessary for resolution of the motion). Nonetheless, in the interest of taking a conservative approach and since the present motion involves a determination of the availability of a federal forum, the court will proceed by way of findings and recommendations.

2013, Plaintiff filed the instant motion to remand. (Doc. 10). Plaintiff contends that the amount in controversy is below the threshold for diversity subject matter jurisdiction because Plaintiff's individual claim seeks less than $75,000 in damages and attorney's fees. Defendants filed an opposition on December 20, 2013 (Doc. 11), and on that same date, Plaintiff filed a reply. (Doc. 13).

## PLAINTIFF'S PAGA CLAIM

Pursuant to PAGA, an "aggrieved employee" may bring a civil action personally and on behalf of other current, or former, employees to recover civil penalties for violations of the California Labor Code. CAL. LAB. CODE § 2699(a). PAGA defines an "aggrieved employee" as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." *Id.* § 2699(c). Seventy-five percent of the civil penalties recovered go to the Labor and Workforce Development Agency, leaving the remaining twenty-five percent for the "aggrieved employees." *Id.* § 2699(i).

In seeking penalties under PAGA, Plaintiff seeks to recover not only civil penalties under PAGA for himself, but also for the group of more than 189 allegedly aggrieved current employees who worked for Defendants during the applicable three year period. (Doc. 11 at 2); NOR ¶ 38.

Calculating the amount in controversy for Plaintiff's collective PAGA claim, Defendants declare that 189 employees are entitled to an initial violation rate of $100 and that they issued 3,157 payroll checks during the relevant period that are subject to the heightened rate for "subsequent violations." For example, for the violation of Cal. Labor Code § 204, Defendants find $650,300.00 is in controversy (189 employees x $100 initial violation + 3,157 pay checks x $200 subsequent violations) and $3,204,250.00 for claims under § 226.3 (189 employees x $250 initial violation + 3,157 pay checks x $1,000 subsequent violations). (Doc. 11 at 3). Assuming that Defendants' estimated PAGA penalties are accurate, Defendants calculate a total of at least $3,854,550.00 in controversy. (Doc. 11 at 3).

## LEGAL STANDARD

District courts have original jurisdiction of all civil actions between citizens of different

3

States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). [2] This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted). For the purposes of establishing diversity of citizenship, a corporation is deemed to be a citizen of every state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

The removal statute provides: "[A]ny civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction" may be removed by a defendant to a federal district court. 28 U.S.C. § 1441(a). In determining whether diversity of citizenship exists and the removal was proper, the court considers the pleadings filed at the time of removal, *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1085 n.5 (9th Cir. 2009), and the citizenship of Doe defendants is disregarded, 28 U.S.C. § 1441(b).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Where a case is removed from state court, the removing defendant bears the burden of establishing federal jurisdiction, including the amount in controversy requirement. *Abrego Abrego*, 443 F.3d at 683. If the district court determines that it lacks jurisdiction, the action should be remanded back to the state court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005).

In this circuit, where the amount of damages are not specified in the complaint, it is the

---

[2] Although Plaintiff brings this claim on behalf of himself and other aggrieved employees, this case is not a class action. *See Cunningham v. Leslie's Poolmart, Inc.*, 2013 U.S. Dist. LEXIS 90256 (C.D. Cal. June 25, 2013) (distinguishing representative PAGA actions and class actions and setting out the background legal principles describing the unique form of representative actions created by the California Legislature through PAGA). Further, Defendants do not allege removal jurisdiction based on the Class Action Fairness Act, 28 U.S.C. § 1332(d) in their Notice of Removal. (Doc. 1). Accordingly, CAFA is inapplicable, and the requisite amount in controversy is $75,000.

4

removing party's burden to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010); *Abrego Abrego*, 443 F.3d at 679; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

## DISCUSSION

### 1. Aggregated PAGA Claims

At issue here is whether Defendants may aggregate the individual claims in this representative action for purposes of meeting the $75,000 amount in controversy requirement. Defendants argue that the amount in controversy threshold is met since aggregating over 189 employee claims amounts to over $3,854,550 in controversy. Plaintiff, on the other hand, argues that pursuant to the Ninth Circuit decision in *Urbino v. Orkin Services of California*, aggregating individual PAGA claims is not permitted to satisfy the amount in controversy requirement. 726 F.3d 1118 (9th Cir. 2013). Plaintiff is correct.

The Ninth Circuit held in *Urbino* that penalties for individual PAGA claims cannot be aggregated to determine the amount in controversy. *Urbino*, 726 F.3d at 1122-23. *Urbino* concerned the aggregation of claims, under the auspice of PAGA, to satisfy the amount in controversy requirement for diversity jurisdiction. *Id.* at 1121. There, the district court was tasked with deciding whether potential PAGA penalties could be combined or aggregated to satisfy the amount in controversy requirement. If they could, federal diversity jurisdiction would lie because statutory penalties for initial violations of California's Labor Code would aggregate to $9,004,050. *Id.* at 1121. If not, the $75,000 threshold would not be met because penalties arising from Urbino's claims would be limited to $11,602.40.

The Ninth Circuit reversed and vacated the district court's order denying the Plaintiff's motion to remand and held that the "federal court lacked subject matter jurisdiction over this quintessential California dispute." *Id.* at 1123. The Ninth Circuit determined that under PAGA, the wage and hour claims of aggrieved employees are held individually, not as a group or by the state as a collective interest. *Id.*

> Aggrieved employees have a host of claims available to them—e.g., wage and hour, discrimination, interference with pension and health coverage—to vindicate their employers' breaches of California's Labor Code. But all of these rights are

5

> held individually. Each employee suffers a unique injury—an injury that can be redressed without the involvement of other employees. *Troy Bank*, 222 U.S. at 41 (explaining that an interest is common and undivided when "neither [party] can enforce [the claim] in the absence of the other"). Defendants' obligation to them is not "as a group," but as "individuals severally." Thus, diversity jurisdiction does not lie because their claims cannot be aggregated.
> *Id.* at 1122.

Therefore, where a Plaintiff asserts an amount in controversy on behalf of all aggrieved employees, penalties payable to other members of a group of aggrieved employees may not be aggregated to satisfy the amount in controversy requirement for jurisdiction under 28 U.S.C. § 1332(a). *Id.* at 1122-23.

Applying *Urbino* to this motion, Defendants improperly aggregate the penalties. Although Defendants' estimated PAGA penalties are $3,854,550, Defendants' calculations are based on violations incurred by over 189 employees. As in *Urbino*, Defendants have not alleged that Plaintiff's individual potential recovery would meet the $75,000 threshold. Rather, Defendants argue the penalties recoverable on behalf of all aggrieved employees may be considered in their totality to clear the jurisdictional hurdle.

The Ninth Circuit's decision in *Urbino* holds penalties cannot be aggregated. Defendants must show that Plaintiff's individual penalty claims exceed $75,000. Like *Urbino*, here, Defendants provide no evidence indicating that Plaintiff's individual potential recovery would meet the $75,000 threshold. Accordingly, Defendants have failed to meet its burden to show that Plaintiff's individual claims meet the amount in controversy requirement of the removal statute. Plaintiff's motion to remand should be granted.

**2. Request for Attorneys' Fees and Costs**

Plaintiff also requests attorneys' fees incurred in connection with his motion to remand. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff argues that an award of fees is appropriate because a nominal inquiry by Defendants would have revealed that the action should not be removed under *Urbino*. (Doc. 13 at 3). "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin*

*Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, the Court concludes that Defendants lacked an "objectively reasonable basis" for removal. *Id*. Given that the controlling Ninth Court decision in *Urbino* expressly prevents the aggregation of PAGA claims, Defendants cannot reasonably contend that the amount in controversy was satisfied here.  Further, Plaintiff states that after the initial notice of removal was filed, Plaintiff's counsel made extensive efforts to meet and confer with Defendants' counsel to avoid the time and expense of bringing this motion.  Declaration of Daniel F. Gaines ("Gaines Decl."), Doc. 10-1 ¶ 3.  On November 20, 2013, Plaintiff's counsel informed Defendants in writing that the notice of removal was deficient because it failed to satisfy the amount in controversy requirement by a preponderance of the evidence. Gaines Decl., Ex. A.  Plaintiff's counsel also informed Defendants' counsel by telephone that Defendants could not aggregate PAGA claims to meet the jurisdictional threshold.  Declaration of Michael Baytosh ("Baytosh Decl."), Doc. 11-2 ¶ 3. Although the issue is a simple one, Defendants offer no excuse for missing a rather basic point of federal jurisdiction and forcing Plaintiff to expend valuable resources and suffer delay by an improvident removal. Plaintiff's request for attorney's fees should be granted.

Plaintiff submits a bill seeking $3,150 for 8.4 hours of work incurred as a result of removal. Gaines Decl. ¶ 9.  In his declaration, Plaintiff's counsel states that his billing rate is $375 per hour. *Id.* at *¶* 10.  He further states that his work consisted of reviewing Defendants' notice of removal, drafting the Motion to Remand, and preparing and revising declarations and orders in support thereof.[3]  *Id*.  Plaintiff's efforts under the circumstances were not unreasonable and his requests for fees and costs are appropriate.

However, looking at rates awarded by this Court, the Court finds that the hourly rates charged by Plaintiff's counsel are not reflective of the prevailing market rate within the Eastern District of California, Fresno Division.  This Court has previously found that the range of reasonable hourly rates for competent attorneys with less than ten years of experience is $250-

---

[3]    Plaintiff also anticipates that he will spend an additional 8 hours preparing for and attending hearings on the matter. However, in light of the Court's decision to vacate the hearing on the motion to remand, the Court will not award any additional anticipated fees.

$300 per hour. *See BR North 223, LLC v. Glieberman*, No. 10-2153-LJO-BAM, 2012 U.S. Dist. LEXIS 99245, 8-9 (E.D. Cal. July 17, 2012) ($300 for an attorney with nine years' experience); *see also S.A. v. Tulare County Office of Educ.*, 2009 U.S. Dist. LEXIS 112765, 2009 WL 4048656 (E.D. Cal. 2009) ($250 for an attorney with eight years of experience); *C.B. v. Sonora Sch. Dist.*, 2011 U.S. Dist. LEXIS 112870, 2011 WL 4590775 (E.D. Cal. 2011) ($300 for lead trial counsel with five years' experience); *Frank v. Wilbur-Ellis Co. Salaried Emples. Plan*, 2009 U.S. Dist. LEXIS 80352, 2009 WL 2579100 (E.D. Cal. 2009) (awarding an hourly rate of $300 per hour to a fourth year associate who has been involved in six trials).

The evidence submitted by Plaintiff does not justify counsel's hourly rate of $375.00. Counsel, licensed to practice law in 2007, has six years of experience. Moreover, Counsel offers nothing to explain his contention that his rate is reasonable. Thus, even though Counsel has proven to be both competent and effective, the Court can find no basis to award a rate of compensation beyond the rates this Court has identified to be the top of the compensation range for attorneys of similar experience. Accordingly, Plaintiff's request for attorney's fees based on a rate of $375 per hour is DENIED. Plaintiff's award of attorney's fees shall be calculated using a rate of $300 per hour.

Under its discretion, the Court hereby awards Plaintiff's counsel his reasonable costs and attorney fees associated with removal in the amount of $2,520, to be paid by Defendants.

**CONCLUSION**

For the reasons stated, the Court HEREBY RECOMMENDS that:

1. Plaintiff's Motion to Remand, filed December 6, 2013 should be GRANTED;
2. Plaintiff's request for an award of attorney's fees in the amount of $2,520 should be GRANTED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 14, 2014**              /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE